### Charles A. Lorman v. Henry E. Benson.[1]

After trial without a jury, and judgment for plaintiff in the ordinary form, defend-
ant moved for a new trial, and the Court set aside the order for judgment,
and immediately entered judgment again for the same amount, embodying
therein a fin ling of the facts and the law by the Judge. Defendant brought
error, contending that the Court could not wholly set aside and vacate a judg-
ment without granting a new trial. *Held*, that the action of the Court amounted
substantially to an *amendment* of the jud ment, and was not erroneous.

The amendment made was unnecessary, as the statute does not require the Judge's
finding to be embraced in the judgment.

*Heard April 6th. Decided July 11th.*

Error to Wayne Circuit.

The action was trespass.   On March 3, 1860, the follow-
ing order was entered:

"This cause having been tried and submitted to the
court, and the court having duly considered the same, now
here finds the defendant guilty of the trespass alleged in the
plaintiff's declaration, and assesses the plaintiff's damages
at the sum of eight hundred and seventy dollars.   Therefore
it is considered and adjudged by the court now here, that
the said plaintiff do recover of and from the said defendant
the said sum of eight hundred and seventy dollars, and
costs of suit to be taxed ($870,00)."

Afterwards, on the 21st of April, 1860, the following
order was made:

"The defendant, by Walker & Russell, his attornies,

having heretofore moved the court in this cause that the finding and judgment, heretofore rendered therein, should be set aside and a new trial had therein ; and said motion having been argued at the last term of the court by Mr. Russell for said Benson, and Messrs. Hand and Douglass, on behalf of said Lorman, and the court having held said motion under advisement thence hitherto; the court doth now here order and adjudge, that the judgment of the court heretofore rendered in this cause, and the findings of the court therein heretofore made and had, be, and the same are hereby set aside and wholly vacated. And thereupon the court doth now here find in the above entitled cause as follows, to wit:

"This is an action of trespass *vi et armis*, brought by Lorman against 'Benson: Plea, the general issue, with notice of license. The cause was tried by the court without a jury. From the evidence submitted on the trial, the court find the following facts. At and before the time of the alleged trespass, Col. Anthony Dudgeon was the owner in fee of certain premises above the city of Detroit, and fronting upon the Detroit river, which were the *locus in quo* of the said trespass. On or about the 15th November, 1857, he leased the same, by a lease in writing, to the plaintiff herein, describing the same as bounded in front by the Detroit river, for the term of five years. And the plaintiff thereupon entered immediately into possession, and erected an ice house upon the premises, which ice house was fronting upon and near to the waters of the Detroit river. Prior to the execution of this lease, Dudgeon had given the defendant, Benson, a parol license to erect a boom next to the shore on the river front of the premises, and between said shore and the channel bank of said river, and to maintain and use the same for the purpose of keeping and securing saw logs therein until he, Dudgeon, should desire to use the river front for other purposes, or should lease the premises.

"When the plaintiff took possession of the premises under

the lease of Dudgeon, the entire river front was occupied and obstructed by a boom, and a large quantity of logs therein, which had been placed there by the defendant in pursuance of the license from Dudgeon. The plaintiff immediately gave the defendant notice to remove the same, claiming that the defendant's right to maintain the same there, under the license from Dudgeon, was terminated; that the plaintiff as the lessee of the premises was entitled to have the river front free from any such obstructions, in order that he might conveniently gather ice there to fill his ice house, during the coming winter. The defendant refused to remove said boom and logs as requested, but continued to maintain the same in the place mentioned throughout the winter; and this is the trespass complained of by the plaintiff. In consequence of the river front being so obstructed by the said boom and logs, the plaintiff was unable to gather ice there during the winter of 1857 and 1858, but was compelled to gather his ice with which to fill his ice houses at a much greater distance from said ice houses — to float the same by circuitous and inconvenient routes to said ice houses, and at much greater expense than would have been necessary if the river front of the premises had been open and unobstructed by the defendant's said raft of logs and boom, and he sustained damages in consequence of said obstructions, to a large amount of eight hundred and seventy dollars.

"Upon the foregoing facts, as conclusion of law thereform, the court holds and rules the law as applicable to this case to be as follows, to wit: That said plaintiff has such a right under his case as authorizes him to maintain his action against the defendant: that the defendant had no right to boom his logs upon the plaintiff's lands upon the above facts: that the remedy of trespass is proper under the circumstances: that riparian proprietors on the Detroit river have a right to the soil under the water, and to the use of the water and ice formed thereon, subject to the

rights of the public over the river as a public highway, and the damages claimed are sufficiently certain and direct to be allowed.

"And the court finds that the defendant, Henry E. Benson, is guilty of the several trespasses in plaintiff's declaration laid to his charge, in manner and as the said Charles A. Lorman hath therein complained against him; and this court now here assesses the damages of the said Charles A. Lorman by reason thereof, over and above his costs and charges by him about his suit in this behalf expended, to be eight hundred and seventy dollars. Therefore it is considered by the court, that the said Charles A. Lorman do recover against the said Henry E. Benson, his damages assessed as aforesaid, to wit: the sum of eight hundred and seventy dollars. And also the said plaintiff's costs and charges by him about his suit expended, to be taxed."

Defendant thereupon brought error.

*Walker & Russell* and *C. I. Walker*, for plaintiff in error, contended that the court could not wholly vacate a finding and judgment without granting a new trial. The analogy of a jury trial is perfect: — *Rawson v. Parsons*, 5 *Mich*. 401. After the setting aside of a judgment and verdict, a new trial follows as a matter of course. It is of strict right, and no longer of discretion. There having been no second trial, the second finding and judgment were without legal basis.

If this were to be regarded as an amendment, it could only be made upon proper motion to that effect, and notice to the opposite party: — *Emory v. Whitwell*, 6 *Mich*. 492; 25 *Conn*. 337; 5 *Wis*. 386. But this was a new finding and not an amendment.

*G. E. Hand*, for defendant in error.

MARTIN CH. J.:

We find no error in the action of the court in this case

LORMAN v. BENSON.

A regular judgment, after trial before the court, had been entered in March, 1860. At the same term, as it appears, a motion was made by the defendant to set aside the judgment, and for a new trial. This motion was virtually denied at the succeeding term. The act of the court amounted to an amendment of the entry of judgment, and to nothing more. This amendment consists simply in prefixing to it a finding of facts and conclusions of law; the judgment in all other respects remaining the same. This amendment was, as I apprehend, entirely unnecessary, as the statute does not require such finding to be incorporated into the judgment. But it does not vitiate; it is mere surplusage.

The other Justices concurred.